Filed
1/2/2018 3:36 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2017 CCV 60993-4

| | | |
|---|---|---|
| MARTIN ENRIQUEZ, JR., DANIEL MARTINEZ, and IRENE GONZALEZ, individually and on behalf of MARTIN ENRIQUEZ, SR. (deceased) and ANGELITA M. ENRIQUEZ (deceased) | § § § § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NO. 4 |
| LASKO PRODUCTS, INC.; AMERICAN ELECTRIC POWER SERVICE CORPORATION; LEGGETT AND PLATT, INCORPORATED; AND CARLOS HERNANDEZ | § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

NOW COMES **MARTIN ENRIQUEZ, JR., DANIEL MARTINEZ, and IRENE GONZALEZ, individually and as representatives of the estates of MARTIN ENRIQUEZ, SR. and ANGELITA M. ENRIQUEZ,** both deceased (sometimes all collectively referred to as "Plaintiffs"), and make and file this Plaintiffs' Original Petition complaining of Lasko Products, Inc., American Electric Power Service Corporation, Leggett and Platt, Inc., and Carlos Hernandez (sometimes herein after collectively referred to as "Defendants"), and in support of this Plaintiffs' First Amended Original Petition would show unto this Honorable Court, as follows:

### DISCOVERY

1. Plaintiffs bring these claims against the Defendants, and seek discovery in accordance with the Texas Rules of Civil Procedure, Level 3. Upon request from any party for a trial setting, Plaintiffs hereby request that the parties be regarded as conducting discovery in accordance with the Texas Rules of Civil Procedure, Level 3, and that the Court enter a scheduling order for the management of this case.

1


EXHIBIT A

## II.
## PARTIES

2.0   Plaintiff Martin Enriquez, Jr. is a United States citizen, and a legal resident of the State of Texas. This Plaintiff's permanent residential address is 1054 Golden Gate Circle, Corpus Christi, Nueces County, Texas 78416.

2.1   Plaintiff Daniel Martinez is a United States citizen, and a legal resident of the State of Texas. This Plaintiff's permanent residential address is 1637 Cambridge Drive, Corpus Christi, Nueces County, Texas 78415.

2.2   Plaintiff Irene Gonzalez is a United States citizen, and a legal resident of the State of Texas. This Plaintiff's permanent residential address is 1040 Wisteria Trail, Austin, Travis County, Texas 78753.

2.3   Defendant Lasko Products, Inc. ("Lasko") is a foreign corporation authorized to and doing business in the State of Texas. Defendant Lasko may be served with citation and notice of this pleading by serving its registered agent, Leonard F. Green, 4408 Spicewood Springs Road, Austin, Texas 78759. Issuance of citation and service of process can be accomplished by certified mail, return receipt requested, and in a manner that complies with the Texas Rules of Civil Procedure.

2.4   Defendant American Electric Power Service Corporation ("AEP") is a foreign corporation authorized to and doing business in the State of Texas. Defendant AEP may be served with citation and notice of this pleading by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Issuance of citation and service of process can be accomplished by certified mail, return receipt requested, and in a manner that complies with the Texas Rules of Civil Procedure.

2.5    Defendant Leggett and Platt, Incorporated, ("L&P") is a foreign corporation authorized to and doing business in the State of Texas. Defendant L&P may be served with citation and notice of this pleading by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Issuance of citation and service of process can be accomplished by certified mail, return receipt requested, and in a manner that complies with the Texas Rules of Civil Procedure.

2.6    Defendant Carlos Hernandez ("Hernandez") is a resident of Nueces County, Texas. Defendant Hernandez resides at 3614 Cub Street, Corpus Christi, Texas 78405. Defendant Hernandez may be served with notice of these legal proceedings and citation at 3614 Cub Street, Corpus Christi, Texas 78405. Service will be by private process server and in a manner complying with the Texas Rules of Civil Procedure. Service is requested at this time.

## III.
## VENUE and JURISDICTION

3.0    Venue is proper in Nueces County, Texas, pursuant to the Texas Civil Practices & Remedies Code, Chapter 15. Plaintiffs would show that all or a substantial part of the incident occurred in Nueces County, Texas.

## IV.
## THE FIRE

4.0    On or about January 3, 2016, at approximately 9:15 a.m., the Corpus Christi Fire Department received a report of a fire at 4402 Elvira Drive, Nueces County, Corpus Christi, Texas. The report of fire was received by 911 Metrocom. An alarm was struck, and the following unites responded to the scene -- BATT 1, BATT 2, E10, E3, E8, E9, L7, F809, LA1, M10, M623, M8, M9, and R3. The weather reported for the scene was 45 degrees Fahrenheit,

and the wind reported was from the northwest at approximately 10 miles per hour (MPH). The site on fire was the home of Martin and Angelica Enriquez.

4.1    Upon arrival to the burning home, firefighters discovered heavy smoke from the burning structure. Suppression operations were immediately begun. The fire was quickly extinguished. The fire did not extend to adjoining or nearby homes. One of the elderly residents of the home was burned to death by the fire (Mr. Martin Enriquez), and dead on scene. The second elderly resident (Mrs. Enriquez) was rushed for emergency care, but ultimately succumbed to fire-related injuries that caused her death.

4.2    Martin Enriquez, Jr., Daniel Martinez, and Irene Gonzalez are the surviving children whose parents suffered their horrific deaths by fire. Martin Enriquez, Jr., Daniel Martinez, and Irene Gonzalez (Plaintiffs) now file to lawsuit seeking just and right compensation for the untimely and violent deaths suffered by their parents.

## V.
## THE FIRE DEPARTMENT'S INVESTIGATION

5.0    On or about January 3, 2016, at approximately 9:26 a.m., F509 received notification of the fire from Metrocom and responded to the scene. Soon after their arrival (at approximately 9:52 a.m.), an investigation and scene examination was initiated to determine the cause and origin of the fatal fire. F509 was assisted in the investigation by F809, and the Corpus Christi Police Department. The scene examination concluded on January 3, 2016, at approximately 12:53 p.m.

5.1    External examination of the fire site revealed outside observable fire damage on one side of the elderly couple's home (the "A" side, per the Fire Investigation Profile Report); heat damage and discoloration of the siding on the front porch; no damage the opposite side of the home (the "B" side, per the Fire investigation Profile Report); smoke and fire damage to the attic

4

vent opening (on the "C" side of the home); and heavy fire damage to a window and melted/discolored siding on the home's remaining outside structure (the "D" side of the home, per the Fire Investigation Profile Report). The roof showed fire damage above the rear bedroom where the fire had self-ventilated. An internal examination of the home was also conducted -- beginning with the areas of the home that were least damaged and ending with the areas of the home that were damaged the heaviest. The examination process revealed that the lowest and most substantial area of the fire damages was located at the floor level on the left hand side of the back bedroom. All fire damage comes together at this point. There is a "V" shaped pattern which is the characteristic indicator of a fire's point of origin. The low burn area was examined in closer detail by the assigned fire investigators. Located in this area were the remains of a ceramic air heater -- a ceramic wall heater now known to have been a Lasko Oscillating Ceramic Tower Heater, model no. 5367 (sometimes referred to as the "subject product or subject product 1"). The fire's point of origin was precisely in the area of the subject product (as determined by investigators for the Corpus Christi Fire Department investigators). In close proximatey to the fire's point of origin, investigation also revealed a second electrical appliance (an electric bed manufactured by Defendant L&P, and sometimes referred to as the "subject product 2").

## VI.
## STRICT LIABILITY

6.0   As stated herein above, the subject product is a Lasko Oscillating Ceramic Tower Heater, model no. 5367. Defendant Lasko was a manufacturer[1] of the subject product -- and thus liable for its defects. Defendant Lasko is also liable for defects in the subject product as a non-

---

[1] Defendant Lasko was a manufacturer of the subject product -- as this term is defined in Chapter 82 of the Texas Civil Practice & Remedies Code ("TCPRC") and/or by Texas law.

manufacturing seller.[2] The subject product was made in China, but believed to have been made by a company beyond the jurisdictional reach of this court.

6.1    Plaintiffs would show that the subject product was defective and unreasonably dangerous (as these terms are defined in law). The subject product was defective in its design, manufacture, and/or marketing -- and defective at the time of its design, manufacture, and/or marketing. The subject product was defective because it was a fire hazard, and because it was -- in fact -- the hazard/danger that caused the fire made the subject of this lawsuit (and killed decedents). The subject product was defective because of its use of inferior/substandard component parts that allowed the subject product to overheat and catch fire. The subject product's electrical cord was inferior (and defective), and its heating element and adjacent component parts were inferior (and defective). There definitely were -- at the time of sale of the subject product -- safer alternative designs that could have been utilized to make the subject product safe (but these safer alternative designs were not implemented given Defendant's desire to market an air heater that was cheaper to manufacture / import). The subject product's defects were the producing cause of the fire, and the cause of the untimely deaths of Martin Enriquez Sr. and Angelita Enriquez.

6.2.    Additionally, or alternatively, Plaintiffs would show that the subject product 2 was defective and unreasonably dangerous (as these terms are defined in law). The subject product 2 was defective in its design, manufacture, and/or marketing -- and defective at the time of its design, manufacture, and/or marketing. The subject product 2 was defective because it was a fire hazard, and because it was -- in fact -- an additional / alternative cause of the fire made the subject of this lawsuit (and killed decedents). The subject product 2 was defective because of its use of inferior/substandard component parts that allowed the subject product to catch fire. The subject product 2's electrical cord was inferior (and defective), component parts were inferior

---

[2] See TCPRC, section 82.003.

(and defective). At the time of sale of the subject product 2, there were safer alternative designs that could have been utilized to make the subject product 2 safe (but these safer alternative designs were not implemented by Defendant L&G). The subject product 2's defects were the producing cause, or alternatively the producing cause, of the fire, and the cause (or alternative cause) of the untimely deaths of Martin Enriquez Sr. and Angelita Enriquez.

6.3 Plaintiffs make all claims for product liability against Defendant Lasko and/or Defendnant L&G pursuant to the Texas Civil Practice & Remedies Code, Chapter 82. Plaintiffs make all claims for product liability against Defendant Lasko and/or Defendant L&G as supported by Texas common law. Plaintiffs make all claims for product liability against Defendant Lasko and/or Defendant L&G as may be allowed by the Restatement of Torts -- 2nd and 3rd Editions.

## VII.
## NEGLIGENCE OF DEFENDANT LASKO
## NEGLIGENCE OF DEFENDANT L&G

7.0 Additionally, and/or alternatively, Plaintiffs would show that Defendant Lasko's and/or Defendant L&G's acts and/or omissions relating to the subject product rise to the level of negligence. Defendant Lasko and Defendant L&G failed to use adequate components with the design and manufacture of the subject products, and/or failed to assure use of adequate components with the design and manufacture of the subject products (by these two (2) Defendants' failures to test, failures to assure testing, failures to do quality checks, failures to do adequate quality checks, failures to audit, failures to qualify the subject product, failures to identify and assure corrective action, failures to supervise, failures to monitor, failures to warn, and/or failures to assure better design/manufacture through some review process). These two (2) defendants' use of inferior / substandard components (and/or allowance of same) and/or re-sale

of the subject product with inferior / substandard components was a failure to use reasonable care --- and such failure(s) to use reasonable care on the part of the Defendant Lasko and/or Defendant L&G constitutes negligence that was a proximate cause of the fire made the subject of this lawsuit (and all harm to decedents and all Plaintiffs). For all such negligent acts and/or omissions, Plaintiffs now sue.

## VIII.
## NEGLIGENCE OF DEFENDANT AEP

8.0   Additionally, and/or alternatively, Plaintiffs would show that – before the fire began – there was an electrical power outage in the residential area of the home of Martin and Angelica Enriquez. More specifically, there had been an electrical power outage in such residential area prior to the fatal fire made the subject of this lawsuit; and such electrical power outage had been repaired by Defendant AEP to allow the return of all electrical power services just before the fire began. Plaintiffs would show that Defendant AEP failed to use reasonable care during their process of bringing electrical power back on line for its residential customers in the area (including Martin and Angelica Enriquez), and that such failure to use reasonable care on the part of Defendant AEP constitutes negligence. Such negligent acts and/or omissions were a proximate cause of the fire made the subject of this lawsuit (and all harm to decedents and all Plaintiffs). For all such negligent acts and/or omissions, Plaintiffs now sue.

## IX.
## NEGLIGENCE OF DEFENDANT HERNANDEZ

9.0   Additionally, and/or alternatively, Plaintiffs would show that – before the fire began – Defendant Hernandez was driving a 2005 Kia Spectra on Horne Road, in Corpus Christi, Texas. Defendant Hernandez lost control of his vehicle while driving upon Horne Road, and ran off of the roadway. Defendant Hernandez then ran into a pole supporting Defendant AEP's electrical

power lines. Defendant Hernandez failed to use reasonable care by his failure to control the vehicle that he (Defendant Hernandez) was driving (and failed to use reasonable care in other particulars). Defendant Hernandez's failure to use reasonable constitutes negligence, and such negligent acts and/or omissions were a cause of the electrical power outage that occurred at the home of Martin and Angelica Enriquez. Thus, Defendant Hernandez's negligent acts and/or omissions were a proximate cause of the fire made the subject of this lawsuit (and all harm to decedents and all Plaintiffs) – in the natural and continuous sequence of events leading up to the fire made the subject of this lawsuit. For all such negligent acts and/or omissions, Plaintiffs now sue.

## X.
## LEGAL DAMAGES

10.0  Plaintiffs would show that Plaintiffs are entitled to all legally compensable damages permitted pursuant to Texas law. The wrongful conduct of Defendants (as referred to herein above) was the producing cause and/or proximate cause of the injuries and legal damages suffered by Plaintiffs. Therefore, Plaintiffs seek compensation for all those legal damages due and owing to the Plaintiffs.

10.1  More specifically, Plaintiffs would show that the subject products' defects were a producing cause of the untimely deaths of Martin Enriquez and Angelita M. Enriquez; and that the negligence of Defendants was a proximate cause of the untimely deaths of Martin Enriquez and Angelita M. Enriquez. The evidence will demonstrate that Mr. Enriquez was killed by fire. Mr. Enriquez was found at the sliding back door near the back of the home. At the moment in time when he was found, Mr. Enriquez was unconscious, and absent pulse. Mr. Enriquez had burns to the face with soot inside the nose and mouth -- burns to the head -- burns to the neck --

burns to the chest -- burns to the abdomen -- and burns to the arms and legs. Mrs. Enriquez was found by the emergency response team sitting on the ground in front of the residence. On information and belief, she had been trapped and screaming for her life when neighbors were able to forcibly enter the home and help remove her. Mrs. Enriquez was conscious, and in pain with burns to her face -- burns to her upper and lower arms -- and soot in her mouth and nose. Mrs. Enriquez was immediately taken to Spohn Memorial Hospital, but later expired because of her serious burn injuries.

8.2  For all relevant times past and future, all Plaintiffs seek just and right compensation for their pain and suffering, mental anguish, loss of physical capacity, and reimbursement for all reasonable and necessary medical expenses incurred. Plaintiffs seek fair and just compensation for their loss of consortium, and burial and other expenses (again, past and future). Such legal damages are within the jurisdictional limits of this Honorable Court, and for which these Plaintiffs now rightfully sue.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1. All actual and compensatory damages in sums to be determined by the trier of fact.

2. Judgment against the Defendants.

3. Prejudgment interest as provided by law.

4. Exemplary damages, if and as pleaded.

5. Post-judgment interest as provided by law.

6. Costs of suit.

7. Such other and further relief to which Plaintiffs may be justly entitled.

**PLAINTIFFS DEMANDS A TRIAL BY JURY**

Respectfully submitted,

**LAW OFFICES OF DOUGLAS A. ALLISON**
403 N. Tancahua St.
Corpus Christi, Texas 78401
T:  (361) 888-6002
F:  (361) 888-6651
E:  doug@dallisonlaw.com

By: /s/ Douglas A. Allison
**DOUGLAS A. ALLISON**
State Bar No. 01083500

and

**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
T:  (361) 651-1000
F:  (361) 651-1001
E:  ggowan@gelawfirm.com

By: /s/Gregory Gowan
**GREGORY GOWAN**
State Bar No. 00795384

**ATTORNEYS FOR PLAINTIFFS**