CAUSE NO. 2017 CCV 60993-4

| | | |
|---|---|---|
| MARTIN ENRIQUEZ, JR, DANIEL MARTINEZ, and IRENE GONZALEZ, Individually and on behalf of MARTIN ENRIQUEZ, SR. (deceased) and ANGELITA M. ENRIQUES (deceased) | § § § § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NO. 4 |
| LASKO PRODUCTS, INC.; AMERICAN ELECTRIC POWER SERVICE CORPORATION; LEGGETT AND PLATT, INCORPORATED; and CARLOS HERNANDEZ | § § § § § | NUECES COUNTY, TEXAS |

## NOTICE OF FILING TO REMOVE CAUSE TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

TO THE HONORABLE JUDGE OF THE COURT:

Notice is hereby given that Defendant, **LEGGETT AND PLATT, INCORPORATED** on this day, filed in the United States District Court for the Southern District of Texas, Nueces Division, its Notice For Removal of a cause now pending in the County Court at Law No. 4, Nueces County, Texas, having Cause 2017 CCV 60993-4 and styled *Martin Enriquez, Jr., et al v. Lasko Products, Inc., et al* A copy of the Notice of Removal is attached hereto as Exhibit "A".

Respectfully submitted,

/s/ P. Clark Aspy
P. CLARK ASPY
State Bar No. 01394170
BRADLEY K. DOUGLAS
State Bar No. 06039750
NAMAN HOWELL SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
Telephone: (512) 479-0300

Doc# 65L7506.DOCX

EXHIBIT
1

Facsimile: (512) 474-1901
aspy@namanhowell.com
bdouglas@namanhowell.com
**ATTORNEYS FOR DEFENDANTS**
**LEGGETT AND PLATT INCORPORATED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2018, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel *via facsimile*:

G. Don Schauer
State Bar No.
Federal Bar No.
SCHAUER & SIMANK, P.C.
615 North Upper Broadway Street, Suite 2000
Corpus Christi, Texas 78401
Telephone: (361) 884-2800
Facsimile: (361) 884-2822
dschauer@cctexlaw.com
**ATTORNEYS FOR DEFENDANT,**
**ELECTRIC POWER SERVICE CORPORATION**

Douglas Allison
State Bar No. 01083500
LAW OFFICES OF DOUGLAS ALLISON
403 N. Tancahua Street
Corpus Christi, Texas 78401
Telephone: (361) 888-6002
Facsimile: (361) 888-6651
doug@dallisonlaw.com

Gregory Gowan
State Bar No. 00795384
GOWAN ELIZONDA, LLP
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: (361) 651-1000
Facsimile: (361) 651-1001
ggowan@gelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Scott W. Self
FEE, SMITH, SHARP & VITULLO
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Phone: 972-934-9100
Fax: 972-934-9200
sself@feesmith.com
**ATTORNEYS FOR LASKO PRODUCTS, INC.**

Carlos Hernandez
3614 Cub Street
Corpus Christi, Texas 78405
Phone: 361-730-3177
**PRO SE DEFENDANT**

*/s/ P. Clark Aspy*
P. CLARK ASPY
BRAD K. DOUGLAS

IN THE UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN ENRIQUEZ, JR, DANIEL MARTINEZ, and IRENE GONZALEZ, Individually and on behalf of MARTIN ENRIQUEZ, SR. (deceased) and ANGELITA M. ENRIQUES (deceased) <br><br> vs. <br><br> LASKO PRODUCTS, INC.; AMERICAN ELECTRIC POWER SERVICE CORPORATION; LEGGETT AND PLATT, INCORPORATED; and CARLOS HERNANDEZ | § § § § § § § § § § § § § § § | Civil Action No. <br> Jury |

## DEFENDANT LEGGETT AND PLATT, INC'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

LEGGETT AND PLATT, INC., a Defendant in a case styled *Martin Enriquez, Jr., et al v. Lasko Products, Inc., et al*, originally pending as Cause No. 2017-CCV-60993-4 in the County Court at Law Number 4 of Nueces County, Texas, files this Notice of Removal of said cause to the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to the terms and provisions of 28 U.S.C. §§ 1441(a) and 1446 and would respectfully show the Court as follows:

I. **TIME LIMITS**

Plaintiffs originally filed suit in this Court on March 11, 2016, against only Defendant Lasko Products, Inc ("Lasko"). That case was voluntarily dismissed by the Plaintiffs on May 5, 2016.

Plaintiffs thereafter filed an original petition in Nueces County on May 24, 2017 against Defendants Lasko, American Electric Power Service Corporation ("AEP"), Leggett

EXHIBIT A

and Platt, Inc. (L&P") and Carlos Hernandez ("Hernandez"). Plaintiffs did not seek service against Defendants Lasko, AEP, or L&P after filing the suit, and they were never served with copies of that petition or obtained other knowledge of it. Plaintiffs did, however, obtain service on Defendant Hernandez in July 2017,

Finally, Plaintiffs filed an amended petition in the Nueces County case on January 2, 2018, one day before the running of the statute of limitations. Despite service being accomplished on him in July 2017, Defendant Hernandez only filed his pro-se answer to the original petition on January 22, 2018. Defendant Lasko was not served with the amended petition until January 24, 2018, Defendant AEP on January 29, 2018 and Defendant L&P on January 29 as well.

Thus, this Notice of Removal by L&P is timely filed as thirty (30) days have not elapsed since the time it first received Citation and a copy of Plaintiff's Amended Petition.

## II. NATURE OF THE CASE

Plaintiffs' action against L&P (and the other defendants) is one of a civil nature based upon allegations of product liability and negligence arising out of a fire at the decedent Plaintiffs' residence. Basically, the claim is that Defendant Hernandez was involved in a single vehicle accident that caused a power outage in the Plaintiffs' area by striking an electric utility pole. Plaintiffs have sued Hernandez in negligence for causing the power outage. AEP restored power to the Plaintiffs' area, and Plaintiffs have sued it for negligence for such restoration. After power was restored, a fire allegedly started in the Plaintiff's home. Plaintiffs have sued Lasko for the design/manufacture/marketing of a heater in the area of the fire, and L&P for the design/manufacture/marketing of an electric

bed also found there. Defendant L&P (and the other defendants) have denied all and each of these allegations.

### III. DIVERSITY JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and when those parties who have been improperly joined are removed from consideration, complete diversity of citizenship exist. Plaintiffs and the properly joined defendants are citizens of different states. Plaintiffs are all citizens of Texas, as were the decedents. Defendant Lasko is a Pennsylvania Corporation whose principal place of business is in West Chester, Pennsylvania. Defendant AEP is a New York Corporation whose principal place of business is in Columbus, Ohio. Defendant L&P is a Missouri Corporation whose principal place of business is in Carthage, Missouri. Thus, none of the corporate defendants are citizens of Texas, and are totally diverse from all Plaintiffs and each other.

The citizenship of the improperly joined defendant, Carlos Hernandez must be disregarded under 28 U.S.C.A. §§ 1332 and 1441 (b) under *Burden vs General Dynamic Corp.*, 60 F. 3d 213, 218 (5th Cir. 1995). Removal on a theory of improper joinder is appropriate where there is no reasonable basis for predicting that a plaintiff can recover against an improperly joined defendant. *Badon v. R. J. R. Nabisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000). Moreover, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *See Badon*, 224 F.3d at 386 n. 4; *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). As explained more fully below, removal is proper in this case. 28 U.S.C.A. § 1441(a).

### A. Improper Joinder of Hernandez

The Fifth Circuit has outlined the two methods available to the district courts in deciding a motion for remand based on improper joinder: (1) the court may conduct a Rule 12(b)(6)-type analysis looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) after examining the pleadings, the court may determine it is appropriate to pierce the pleadings and conduct a summary inquiry. *See Smallwood v. Illinois Cent R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*); *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

Thus, this court has the discretion to pierce the pleadings and conduct a summary inquiry in order "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood.* at 573-574; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981) (evidentiary hearing appropriate where removing party contends plaintiff's pleadings contain misrepresentations of jurisdictional fact). As expressed by another judge in the Southern District:

> [T]he court may 'pierce the pleadings' and consider 'summary judgment-type' evidence in those cases in which the 'plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.'

*See Smith v. Robin America, Inc.*, 2009 WL 2485589 at *2 (S.D. Tex. (Houston) Aug. 7, 2009); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)(when considering a claim of improper joinder, courts may "pierce the pleadings" and consider "summary judgment type evidence"). In fact, a claim of fraudulent joinder "is viewed as similar to a motion for summary judgment." *See*

*LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). The removing party may – as here -- submit evidence outside the pleadings in order to establish that a plaintiff has no reasonable basis to expect recovery from the resident defendant. *Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390. Thus, it is proper for this Court to consider outside evidence in support of the removal motion. *B., Inc. v. Miller Brewing Co.*, 663 F.2d at 549 (deposition transcripts); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Both the Fifth Circuit and various district courts have affirmed that a district court may consider summary judgment-type evidence to identify "discreet facts" that would show that a defendant was improperly joined. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed.Appx. 911, 915-916 (5th Cir. 2009); *Smith v. Robin America, Inc., supra* at *2, 3.

Although Plaintiff may eventually contend that the standard for improper joinder is a heavy one, the standard was not meant to allow plaintiffs' attempts to circumvent federal jurisdiction. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d at 573 ("'the Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.'"), *quoting* 14 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 3641, at 173 (3d ed. 1998)); *see also McKinney v. Board of Md. Community College*, 955 F.2d 924, 928 (4th Cir. 1992) ("Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it."). In fact, the Fifth Circuit routinely upholds improper joinder where, like here, a plaintiff's claims against the non-diverse

defendant are based on nothing more than conclusory allegations. *See Badon*, 224 F.3d at 392-93 (conclusory or generic allegations of wrongdoing are not sufficient to show that the local defendant was properly joined).[1]

In any event, Plaintiff here has no "reasonable possibility or basis of recovery" against Hernandez. *See Boyer v. Snap On Tools Corp.*, 913 F.2d 108, 111 (3rd Cr.1990) (stating fraudulent joinder exists when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment"). As noted above, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon*, 236 F.3d at 286 n.4. Put simply, Plaintiff's allegations against Hernandez are conclusory and generic in the first place and there is no showing that a cause of action can be supported.

Defendant Hernandez' collision with the AEP utility pole occurred at 817 Horne Road in Corpus Christi, Texas at roughly 7:21 a.m. *See Police Report* at 2. Sometime later, power was restored to the area by AEP. The distance between the location of the Hernandez accident and the decedents' residence is over one-half mile away according to Google Maps. The fire in the Plaintiffs' decedents' residence began some time around 9:15 according to Plaintiffs' own description of the fire department records. This means that there was a gap of almost two hours and more than one-half mile between

---

[1] *See also Griggs* v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)(holding that generic allegations do not meet "even the liberalized requirements that permit notice pleadings"); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993)(explaining that conclusory "allegations, wholly lacking in factual support" are insufficient as a matter of law to create a cause of action against a non-diverse defendant); *Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001) (holding that the allegations against non-diverse defendants "must be factual, and not conclusory, because conclusory allegations do not state a claim"); *Addison v. Allstate Ins. Co.*, 58 F.Supp.2d 729, 734 (S.D. Miss. 1999) ("to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations").

Doc# 65K4555.DOCX

the Hernandez accident and the fire. Moreover, according to Plaintiffs themselves, it was the resumption of power to the decedents' home that allegedly caused the fire to occur. Unfortunately for Plaintiffs, neither the Hernandez accident nor the later resumption of power service can serve as the basis of liability in Texas.

First, the Texas Supreme Court has repeatedly ruled that there are certain circumstances that are too attenuated, as a matter of law, for liability to attach. For example, in *IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794 (Tex. 2004), the Court stated:

> On several occasions, we have addressed attenuation of the causal connection between conduct and liability. *See, e.g., Union Pump*, 898 S.W.2d 773; *Lear Siegler,* 819 S.W.2d 470, *Bell*, 434 S.W.2d 117. In *Bell*, three individuals were hit by a car while removing debris from an earlier car accident. 434 S.W.2d at 118. Two of the men were killed, and the third suffered serious injuries. *Id.* We held that the initial accident was not the proximate cause of the deaths and injuries because it only created the condition that attracted the three men to the scene and did not actively contribute to the injuries resulting from the second accident. *Id.* at 122. Where the initial act of negligence was not the active and efficient cause of plaintiffs' injuries, but merely created the condition by which the second act of negligence could occur, the resulting harm is too attenuated from the defendants' conduct to constitute the cause in fact of plaintiffs' injuries. *See Id.*

*See IHS* at 799. The Hernandez accident is too attenuated, in both time and location, to support a liability claim against him for the fire occurring in the decedents' home two hours later. As in *Bell*, the initial Hernandez accident here did not "activity contribute" to the fire in the house. *See Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968). As in *Bell, IHS* and the other cases cited by the Texas Supreme Court, the "forces generated by the first collision had come to rest, and no one was in any real or apparent danger therefrom." *See Bell* at 120. Thus, even *if* there was a negligent act involved in the vehicle accident, it did nothing more than create a condition which

(allegedly) ultimately allowed AEP to (allegedly) be negligent in restoring power, and for a fire to later develop through an (allegedly) defective heater or bed. Under these circumstances, Hernandez owed no duty to the Plaintiffs and is not a proper party to this lawsuit.

The sham nature of Plaintiffs' claims against Hernandez is even more obvious because they have no claim against AEP as a matter of law either. *See Entex, A Div. of Noram Energy Corp. v.Gonzalez*, 94 S.W.3d 1, 6 (Tex.App.-- Houston [14th Dist.] 2002, pet. denied); *Leyva v. Southern Union Gas Co, Inc.*, 2004 WL 100521 *3 (Tex. App. – El Paso 2004, no pet). It is well-established in Texas jurisprudence that a utility company like AEP has no duty to inspect a customer's wiring, appliances, or the like, which the utility did not install and does not own or control, for defects before supplying electricity or gas to the customer. *See id; see also Douglas v. Smith*, 578 F. 2d 1169, 1172 (5th Circuit 1978)(applying identical Georgia law). Thus, even *if* Hernandez could otherwise be found negligent for the original accident, his negligence would have been (even according to Plaintiffs) cut off by the (alleged) superseding actions of AEP, who also cannot be responsible as a matter of law. In other words, the Hernandez accident only created a condition by which another condition could be created, which eventually allegedly allowed another condition to occur (i.e., a fire to start). There is simply no duty owed by the forum defendant here.

In determining whether diversity jurisdiction exists, this Court must disregard the citizenship of fraudulently/improperly joined parties. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Oliva v. Chrysler Corp.*, 978 F.Supp. 685, 689 (S.D. Tex. 1997). Plaintiff has improperly joined Hernandez for the sole purpose of

attempting to destroy diversity jurisdiction. Plaintiff has no factual basis for pursuing a claim against Hernandez and can show no good faith ability to pursue claims against him. Removal is therefore proper because there is complete diversity between the current, *proper*, parties to the suit. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

B.   **AMOUNT IN CONTROVERSY**

Until its amendment in 2013, Rule 47 of the Texas Rules of Civil Procedure prohibited a plaintiff from pleading for unliquidated damages in a specific amount except in response to a special exception. *See, e.g., Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *see also Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). Now, as amended, Rule 47 instructs a plaintiff to plead that any monetary relief sought is within certain ranges, such as, for example, "monetary relief over $100,000 but not more than $200,000...." *See* Tex. R. Civ. P. 47(c)(4); *see also Mumfrey*, 719 F.3d at 398 n.9 (discussing the amendment of Rule 47 in the context of removal). Plaintiff's amended state court petition does not comply with Rule 47(c) as it contains no allegations concerning the amount in controversy.

Despite this, if it is "facially apparent" that the complaint at the time of removal seeks more than $75,000, removal is proper. *See Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 67 (5th Cir. 2010). Just as in *Menendez,* the three plaintiffs here have each pled for the survival claims of the decedents (including claims that they died of burn injuries, not just smoke inhalation) as well as their own wrongful death damages (pain and suffering, mental anguish, loss of physical capacity, loss of consortium and reasonable medical and burial expenses). Plaintiffs also seek punitive

damages and pre- and post-judgment interest on their damages. In addressing similar wrongful death and survival claims in *Menendez*, the Fifth Circuit concluded that it was "facially apparent" that *just the wrongful death claims* exceeded the jurisdictional amount without even considering the survival claims. *See Menedez* at 4. Therefore, it is clear that the claims here are above the $75,000 jurisdictional requirement and the jurisdictional amount in controversy is satisfied.

### VI. CONSENT TO REMOVAL

L&P states and represents that it has conferred with counsel for Defendants Lasko, and AEP and each party has formally and expressly authorized L&P to represent to the Court that they consent to this removal. An express written consent from L&P and AEP is either attached to this notice or will be filed within the time allowed by the rules. Hernandez has, for some unknown but quite suspicious reason, refused to answer all requests for contact from counsel for L&P since the filing of his pro-se answer. Therefore, it is unknown whether or not he consents to removal, even though the consent of an improperly joined defendant is not required.

### V. CONCLUSION

All conditions for removal have been satisfied. Defendant L&P attaches copies of the following as exhibits to this notice:

A. Plaintiff's Amended Petition;

B. Nueces County Docket Sheet for the State Court matter;

C. Executed Process on L&P;

D. Written Consent to Removal of Defendants Lasko and AEP;

E. Index of matters being filed;

F. Certificate of Interested Parties;

G.  List Of All Counsel of Record;

H.  Defendant's Jury Demand;

I.  Defendant's Notice (To State Court) of Removal.

J.  Police Report relating to the Hernandez accident

A filing fee of $400.00 has been tendered to the clerk of the United States District Court for the Southern District of Texas. Defendant L&P will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will also file a copy of the Notice of Removal with the Clerk of County Court at Law Number 4 in Nueces County, Texas.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Leggett & Platt respectfully requests that this action, now pending against it in the County Court at Law #4 of Nueces County, Texas, be removed to this Honorable Court for trial and determination of all issues. Defendant also prays for such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ P. Clark Aspy*
P. CLARK ASPY
State Bar No. 01394170
BRADLEY K. DOUGLAS
State Bar No. 06039750
**ATTORNEYS FOR DEFENDANTS
LEGGETT AND PLATT INCORPORATED**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
Telephone: (512) 479-0300
Facsimile: (512) 474-1901
aspy@namanhowell.com
bdouglas@namanhowell.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2018, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel *via facsimile*:

G. Don Schauer
State Bar No.
Federal Bar No.
SCHAUER & SIMANK, P.C.
615 North Upper Broadway Street, Suite 2000
Corpus Christi, Texas 78401
Telephone: (361) 884-2800
Facsimile: (361) 884-2822
dschauer@cctexlaw.com
**ATTORNEYS FOR DEFENDANT,**
**ELECTRIC POWER SERVICE CORPORATION**

Douglas Allison
State Bar No. 01083500
LAW OFFICES OF DOUGLAS ALLISON
403 N. Tancahua Street
Corpus Christi, Texas 78401
Telephone: (361) 888-6002
Facsimile: (361) 888-6651
doug@dallisonlaw.com

Gregory Gowan
State Bar No. 00795384
GOWAN ELIZONDA, LLP
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: (361) 651-1000
Facsimile: (361) 651-1001
ggowan@gelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Doc# 65K4555.DOCX

Scott W. Self
FEE, SMITH, SHARP & VITULLO
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Phone: 972-934-9100
Fax: 972-934-9200
sself@feesmith.com
**ATTORNEYS FOR LASKO PRODUCTS, INC.**

Carlos Hernandez
3614 Cub Street
Corpus Christi, Texas 78405
Phone: 361-730-3177
**PRO SE DEFENDANT**

*/s/ P. Clark Aspy*
P. CLARK ASPY
BRAD K. DOUGLAS